UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISABILITY LAW CENTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION; HAROLD W. CLARKE, COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION, in his official capacity; JAMES BENDER, DEPUTY COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION, in his official capacity; VERONICA MADDEN, ASSOCIATE COMMISSIONER OF REENTRY AND REINTEGRATION OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION, in her official capacity; JOHN MARSHALL, JR., ACTING SUPERINTENDENT OF MCI-CEDAR JUNCTION AND ASSISTANT DEPUTY COMMISSIONER – NORTHERN SECTOR, in his official capacities; and TIMOTHY HALL, ACTING ASSISTANT DEPUTY COMMISSIONER – SOUTHERN SECTOR, in his official capacity,<br><br>Defendants | CIVIL ACTION<br>NO. 07-10463 (MLW) |

## PLAINTIFF'S MOTION TO LIFT THE STAY OF DISCOVERY BETWEEN PLAINTIFF AND UNIVERSITY OF MASSCHUSETTS CORRECTIONAL HEALTH PROGRAM AND ENTER ITS RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Disability Law Center, Inc. ("DLC") hereby moves for an order lifting the stay of discovery imposed by the Court on March 22, 2009 between DLC and third-party University of Massachusetts Correctional Health Program ("UMCHP") (Docket No. 88), and entering its Renewed Motion to Compel Production of Documents from Third Party University of Massachusetts Correctional Health Program Pursuant to a Subpoena, attached hereto as Attachment A, and memorandum and declaration in support thereof, attached hereto as Attachments B and C. In support of its motion, DLC states as follows:

On July 31, 2008, DLC filed a Motion to Compel Production of Documents from Third Party University of Massachusetts Correctional Health Program Pursuant to a Subpoena. (Docket No. 61, the "Motion to Compel").   UMCHP filed an opposition to the Motion to Compel on September 15, 2008 (Docket No. 73), and DLC filed a reply on October 30, 2008, with permission of the Court (Docket No. 80).   Simultaneous with filing its opposition, UMCHP also moved to stay the discovery sought in the Motion to Compel (and the subpoena underlying that motion), incorrectly asserting that (1) there was no ongoing discovery occurring between DLC and the Defendants, Massachusetts Department of Corrections *et al.* (collectively, "DOC") at that time, and (2) its belief that "a settlement [between DLC and DOC] may be imminent."  (Docket No. 74, ¶8 (the "Motion to Stay")).

DLC opposed the Motion to Stay on several grounds, most importantly that the discovery sought by DLC from UMCHP is highly relevant to the above-captioned matter, and is sought pursuant to a subpoena which UMCHP never moved to quash.  (Docket No. 76).  As DLC stated in its opposition, "UMCHP is obligated under the Federal Rules of Civil Procedure to respond to the subpoena in the absence of a protective order. There is no protective order allowing UMCHP to avoid its obligations under the subpoena." *Id.* at 5. Despite the numerous factual inaccuracies throughout the Motion to Stay, DLC agreed to a one month stay of its Motion to Compel in light of its then on-going settlement negotiations with DOC. (Docket No. 76 at 5).

On March 4, 2009, the Court entered a stay of all discovery in the above-captioned case while DLC and DOC continued to pursue settlement negotiations.  In connection with that stay, on March 22, 2009, the Court (1) denied, without prejudice, DLC's then-pending Motion to Compel and (2) granted UMCHP's Motion to Stay "without prejudice to reconsideration if requested." (Docket No. 88).

In light of the breakdown of settlement negotiations between DLC and DOC, the Court lifted its stay of discovery between DLC and DOC on February 9, 2010 and entered a new scheduling order setting this matter for trial beginning June 6, 2011.  (Docket No. 119)  As a result, DLC and DOC are now actively involved in discovery in this matter, which is set to close

on March 11, 2011.  DLC thus wishes to renew its motion to compel, and seeks that the stay between DLC and UMCHP be similarly lifted.

WHEREFORE, DLC respectfully moves this Court to lift the stay of discovery entered on March 22, 2009 between DLC and UMCHP, and enter its Renewed Motion to Compel Production of Documents from Third Party University of Massachusetts Correctional Health Program Pursuant to a Subpoena, attached hereto as <u>Attachment A</u>, and memorandum and declaration in support thereof, attached hereto as <u>Attachments</u> <u>B</u> and <u>C</u>. .

Dated:  April 26, 2010

Respectfully submitted,

Disability Law Center, Inc.,

By its attorneys,

____/s/ Alison Hickey Silveira_____
David Yamin, BBO #562216
    david.yamin@bingham.com
Alison Hickey Silveira, BBO #666814
    alison.silveira@bingham.com
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
(617) 951-8000

Richard M. Glassman, BBO #544381
    rglassman@dlc-ma.org
Karen Talley, BBO #644764
    ktalley@dlc-ma.org
Nancy Botta, BBO #663749
    nbotta@dlc-ma.org
DISABILITY LAW CENTER, INC.
11 Beacon Street, Suite 925
Boston, MA  02108
(617)723-8455

James Pingeon, BBO #541852
        jpingeon@mcls.net
Leslie Walker, BBO #546627
        lwalker@mcls.net
Bonnie Tenneriello, BBO #662132
        btenneriello@mcls.net
Joel Thompson, BBO #662164
        jthompson@mcls.net
MASSACHUSETTS CORRECTIONAL LEGAL
SERVICES, INC.
8 Winter Street, 11th Floor
Boston, MA 02108
(617) 482-2773

Robert Fleischner, BBO #171320
        rfleischner@cpr-ma.org
CENTER FOR PUBLIC REPRESENTATION
22 Green Street
Northampton, MA 01060
(413) 587-6265


James S. Rollins
        *admitted pro hac vice*
        james.rollins@nelsonmullins.com
NELSON, MULLINS, RILEY &
SCARBOROUGH LLP
One Boston Place
Boston, MA 02108
(617) 573-4722

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I sent counsel for UMCHP a letter regarding my client's intent to renew its Motion to Compel on January 22, 2010.  In that letter, I stated "DLC does not believe that either the facts or the relevant law discussed in the Motion has changed in any material way since the Motion was originally filed.  If, however, you feel there is any value to a further meet and confer conference under Local Rule 7.1(A)(2) to discuss any of the issues addressed in the Motion, please contact me at your earliest convenience."  I received no response to my letter.  On April 23, 2010, I sent counsel for UMCHP an electronic mail message reiterating my client's intent to file the present motion and renew its Motion to Compel and requesting that counsel for UMCHP contact me before noon today in the event he saw any value to a further meet and confer.  I again received no response.

_____/s/ Alison Hickey Silveira_____
Alison Hickey Silveira


### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically through the ECF system on all counsel of record on April 26, 2010.

_____/s/ Alison Hickey Silveira_____
Alison Hickey Silveira

A/73331153.3