UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DISABILITY LAW CENTER,              )
     Plaintiff,                     )
                                    )
            v.                      )   C.A. No. 07-10463-MLW
                                    )
                                    )
MASSACHUSETTS DEPARTMENT OF         )
CORRECTION, et al,                  )
     Defendants.                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       August 12, 2010

A hearing was held on August 11, 2010 concerning the Disability Law Center's ("DLC") motion to lift the stay of discovery between DLC and third-party University of Massachusetts Correctional Health Program ("UMCHP"), and to allow DLC's renewed motion to compel UMCHP to produce certain documents. The documents DLC now seeks are suicide and suicide-related morbidity and mortality reviews in UMCHP's possession, and all notes or other documentation related thereto, for inmates in segregation or segregation-like units for the time period from September 15, 2005 until UMCHP ceased providing mental health services to defendant Massachusetts Department of Correction ("DOC"), in or about July 2007.

For the reasons stated in court on August 11, 2010, the documents now sought by DLC are relevant for the purposes of Federal Rule of Civil Procedure 26(b)(1). In addition, as acknowledged by UMCHP, the revised protective order concerning confidential information that the court is issuing satisfies the

requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Therefore, HIPAA is not now an impediment to the production of the documents DLC seeks.

The sole remaining issue is whether the federal psychotherapist-patient privilege precludes the production of any or all of the documents at issue. In this suit to enforce federal law, evidentiary privileges are governed by federal common law. See F.R. Ev. 501; United States v. Whitney, 2006 U.S. Dist. LEXIS 74522, *5 (D. Mass. 2006). "Confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Jaffee v. Redmond, 518 U.S. 1, 15 (1996). This privilege extends to confidential communications to a licensed social worker, and to "the notes taken during counseling sessions" as well. Id. at 15, 18. Like any privilege, the psychotherapist-patient privilege can be waived, either expressly or through implication, "from any conduct or disclosure that is inconsistent with the maintenance of the privilege." Whitney, 2006 U.S. Dist. LEXIS 74522, *12. As the party asserting the privilege, UMCHP bears the burden of proving that the privilege applies. See In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d 71, 73 (1st Cir. 1999).

In view of the foregoing, it is hereby ORDERED that:

1.   The Plaintiff's Motion to Lift the Stay of Discovery Between Plaintiff and University of Massachusetts Correctional Health Program and Enter Its Renewed Motion to Compel Production of Documents (Docket No. 123) is ALLOWED to the extent that the stay of discovery between DLC and UMCHP is LIFTED.

2.   DLC shall write a letter requesting releases from inmates or their representatives, if any, whose medical or mental health records are involved in the documents sought by DLC.  The letter shall inform the inmate or his or her representative of this case, that there is currently a dispute regarding whether certain of the inmate's medical records are privileged, and that this privilege may be waived by the inmate or his or her representative.  The letter shall include a waiver form and a stamped envelope addressed to DLC, and shall direct any inmate or representative wishing to waive the privilege with regard to the disputed medical or mental health records to return the waiver to DLC by September 10, 2010.

DLC shall deliver at least 25 copies of this letter to DOC on or before August 13, 2010.  DOC shall determine to whom the documents sought by DLC apply, and shall deliver the letter to those inmates or their representatives forthwith.  By August 27, 2010, DOC shall file an affidavit stating how many letters were delivered to inmates or their representatives, and how many were not deliverable.

3

DLC shall provide any waivers that it receives to UMCHP.  By September 17, 2010, DLC and UMCHP shall confer and jointly inform the court of how many, if any, inmates' files are no longer in dispute.

3.  DLC, UMCHP, and DOC shall confer and, by August 20, 2010, inform the court whether they have reached an agreement that moots any or all of the outstanding issues regarding the applicability of the federal psychotherapist-patient privilege to the documents sought by DLC from UMCHP.

4.  If this dispute is not resolved by agreement, UMCHP shall, by August 27, 2010, file:

(a) A memorandum that addresses the applicability of the psychotherapist-patient privilege to the documents at issue and whether the privilege has been waived with regard to any or all of the documents.  Among other things, UMCHP shall address the authority for disclosing purportedly privileged information for the purpose of morbidity and mortality reviews, and whether such a disclosure constitutes a waiver of any privilege.

(b) One or more affidavits addressing what, if anything, inmates at DOC facilities, including those inmates involved in the documents at issue, were told regarding the confidentiality of their communications to psychotherapists in the course of the diagnosis or treatment that they received while in DOC custody during the relevant period.

4

(c) A privilege log regarding the documents to which UMCHP asserts the federal psychotherapist-patient privilege applies.  See Fed.R.Civ.P. 45(d)(2); In re Grand Jury Subpoena, 274 F.3d 563, 575 (1st Cir. 2001); In re Dep't of Justice Subpoenas to ABC, 263 F.R.D. 66, 70 (D. Mass. 2009); Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 925-26 (Fed. Cir. 1996).

(D) Under seal redacted and unredacted copies of the documents sought by DLC for possible in camera review.  See In re Sealed Case (Medical Records); 381 F.3d 1205, 1218 (D.C. Cir. 2004)("On remand, the district court...may review the withheld documents in camera.").  If UMCHP wishes to assert that such in camera review of the unredacted documents is not a legally permissible option in the circumstances of this case, it shall, by August 27, 2010, file a motion to reconsider that portion of this Order, with a supporting memorandum.

6.  DLC shall respond to UMCHP's submissions by September 3, 2010.

7.  Any replies shall be filed by September 10, 2010.

UNITED STATES DISTRICT JUDGE

5