# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISABILITY LAW CENTER, INC.,<br><br>                           Plaintiff,<br><br>      v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>CORRECTION; KATHLEEN DENNEHY,<br>COMMISSIONER OF THE MASSACHUSETTS<br>DEPARTMENT OF CORRECTION, in her official<br>capacity; JAMES BENDER, DEPUTY<br>COMMISSIONER OF THE MASSACHUSETTS<br>DEPARTMENT OF CORRECTION, in his official<br>capacity; VERONICA MADDEN, ASSOCIATE<br>COMMISSIONER OF REENTRY AND<br>REINTEGRATION OF THE MASSACHUSETTS<br>DEPARTMENT OF CORRECTION, in her official<br>capacity; JOHN MARSHALL, JR., ACTING<br>SUPERINTENDENT OF MCI-CEDAR JUNCTION<br>AND ASSISTANT DEPUTY COMMISSIONER –<br>NORTHERN SECTOR, in his official capacities;<br>and TIMOTHY HALL, ACTING ASSISTANT<br>DEPUTY COMMISSIONER – SOUTHERN<br>SECTOR, in his official capacity,<br><br>                         Defendants. | CIVIL ACTION<br>NO. <u>07-10463-MLW</u> |

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Plaintiff Disability Law Center, Inc. ("DLC") requests, pursuant to Rules 26 and 34 of
the Federal Rules of Civil Procedure, that defendants produce all documents listed below which
are in their possession, custody or control. Production and service is to be made within the time
provided by the Federal Rules of Civil Procedure at the offices of Bingham McCutchen LLP,
150 Federal Street, Boston, Massachusetts, 02110, unless a different time or place is agreed
upon, in advance, by counsel for the parties.

## DEFINITIONS

1.      The Uniform Definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts shall apply to this request, and are set forth below in full:

a.      Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

b.      Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

c.      Identify (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.      Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

e.      Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.      Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

g.   Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

2.   The term "CMS" refers to Correctional Medical Services, Inc., its officers, directors, shareholders, employees, agents and affiliates.

3.   The term "Complaint" refers to the complaint filed by DLC on March 8, 2007.

4.   The term "DOC" refers to the Massachusetts Department of Correction, including all facilities owned and/or operated by the Massachusetts Department of Correction, and any of its officers, directors, shareholders, employees, agents, or affiliates.

5.   The term "Exemplars" refers to the prisoners identified in paragraphs 42 through 59 of the Complaint.

6.   The term "General Population" refers to the confinement of a prisoner in any unit other than a Segregation unit.

7.   The term "Mental Disorder" refers to any Axis I or Axis II disorder as defined in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders IV* ("DSM-IV") (1994).

8.   The term "MHM" refers to MHM Correctional Services, Inc., its officers, directors, shareholders, employees, agents and affiliates.

9.   The terms "Prisoners With Mental Disorders" or "Prisoner With A Mental Disorder" shall include any individual known by Defendants to have been diagnosed with a Mental Disorder regardless of whether or not such prisoner is currently on the DOC's Mental Health case load.

10.   The term "Segregation" refers to the confinement of a prisoner in the Departmental Disciplinary Unit, the Department Segregation Unit, Special Management Unit, Health Services Unit or any unit hereafter created with conditions comparable to such units as described in the Plaintiff's complaint, or any unit or cell in which an inmate is confined to his cell for approximately 23 hours per day.

11.    The term "Residential Treatment Program" refers to any residential program designed to help inmates with mental disorders who have difficulty functioning in either general population or in segregation, including but not limited to, any Residential Treatment Unit, Behavioral Management Unit, Specialized Treatment Program, or Behavioral Integration Unit.

12.    The term "UMCHP" refers to the University of Massachusetts Correctional Health Program, or any other entity affiliated with the University of Massachusetts Medical School that has provided mental health services to prisoners in the defendants' care, custody or control, its officers, directors, shareholders, employees, agents and affiliates.

## INSTRUCTIONS

1.    Unless otherwise specified, these requests concern the period from January 1, 1997 to the present.

2.    You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration and not limited to) documents in the possession, custody or control of your successors, affiliates or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, shareholders, employees or other agents, as well as your present and former independent contractors over which you had control and any other person acting on your behalf.

3.    The fact that a document has been or will be produced by one person, including one of the Defendants, does not relieve any other person or Defendant from the obligation to produce its copy of the same document, even if the two documents are identical in all respects.

4.    As set forth above in the definition of "document," the below document requests specifically include requests for all drafts of documents, even when not specifically stated in the particular request.

5.    For any and all documents produced, the folder in which the document is kept in the ordinary course of business shall be produced.

6.      For any and all documents produced, produce the documents in a manner so as to enable DLC to determine whose records are being produced.

7.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

8.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

9.      For any and all documents responsive to these requests which are withheld on the grounds of privilege or for any other cause, provide an index of the withheld documents which identifies the reason for non-production, the date of the document, and an identification of the document, including but not limited to the names of the authors and recipients of the document and the subject of the communication.

10.     Notwithstanding the assertion of any objection, any purportedly privileged documents containing non-privileged matter must be disclosed, with the purportedly privileged portion redacted.

11.     This request for production of documents is continuing and requires the filing of supplemental responses and the production of additional documents promptly in the event Defendants become aware of any additional responsive documents not initially produced in response to these requests.

## DOCUMENT REQUESTS

## A.      IDENTIFICATION AND TREATMENT OF PRISONERS WITH MENTAL DISORDERS

1.      All DOC's policies and procedures, including policies of any of its mental health providers, related to the identification, care and/or treatment of Prisoners With Mental Disorders, including without limitation, all policies and procedures relating to Prisoners With Mental Disorders in Segregation.

2.      All DOC's policies and procedures, including policies of any of its mental health providers, concerning the identification, care and/or treatment of prisoners who are considered by the DOC to be at risk of committing suicide.

3.    All documents concerning the mental health records, including without limitation, treatment plans, staff notes, progress reports, clinical case review, case conference reviews, self-injurious behavior reports, triage notes, mental health management plans, and Bridgewater State Hospital evaluations, of:

    a.  all Prisoners With Mental Disorders who were or have been continuously housed in a Segregation unit or cell from no later than August 1, 2007, to February 1, 2008. For purposes of this Request, "Segregation" encompasses placement at Bridgewater State Hospital;

    b.  the Exemplars;

    c.  all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

    d.  all prisoners who committed suicide in Segregation.

For records responsive to 3(a-c), please produce records only for the preceding five years. For records responsive to 3(d), please produce records from January 1, 1988.

## B.    ADDITIONAL (NON-MEDICAL) RECORDS OF PRISONERS WITH MENTAL DISORDERS

4.    All documents concerning the housing assignments of:

    a.  all Prisoners With Mental Disorders who were or have been continuously housed in a Segregation unit or cell from no later than August 1, 2007, to February 1, 2008. For purposes of this Request, "Segregation" encompasses placement at Bridgewater State Hospital;

    b.  the Exemplars;

    c.  all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

    d.  all prisoners who committed suicide in Segregation.

For records responsive to 4(a-c), please produce records only for the preceding five years. For records responsive to 4(d), please produce records from January 1, 1988.

5.    All documents concerning the disciplinary records, including without limitation, disciplinary chronologies, reviews, hearing reports, disciplinary reports, and appeals, of:

    a.  all Prisoners With Mental Disorders who were or have been continuously housed in a Segregation unit or cell from no later than August 1, 2007, to February 1, 2008. For purposes of this Request, "Segregation" encompasses placement at Bridgewater State Hospital;

b.  the Exemplars;

c.  all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

d.  all prisoners who committed suicide in Segregation.

For records responsive to 5(a-c), please produce records only for the preceding five years.  For records responsive to 5(d), please produce records from January 1, 1988.

6.      All documents concerning considerations, concerns, discussions, evaluations, or decisions concerning any security risks or issues concerning any:

a.  all Prisoners With Mental Disorders who were or have been continuously housed in a Segregation unit or cell from no later than August 1, 2007, to February 1, 2008.  For purposes of this Request, "Segregation" encompasses placement at Bridgewater State Hospital;

b.  the Exemplars;

c.  all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

d.  all prisoners who committed suicide in Segregation.

For records responsive to 6(a-c), please produce records only for the preceding five years.  For records responsive to 6(d), please produce records from January 1, 1988.

7.      All documents concerning the classification records of:

a.  all Prisoners With Mental Disorders who were or have been continuously housed in Segregation unit or cell from no later than August 1, 2007, to February 1, 2008.  For purposes of this Requests, "Segregation" encompasses placement at Bridgewater State Hospital;

b.  the Exemplars;

c.  all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

d.  all prisoners who committed suicide in Segregation.

For records responsive to 7(a-c), please produce records only for the preceding five years.  For records responsive to 7(d), please produce records from January 1, 1988.

8.      All documents concerning the Inmate Management System ("IMS") file of:

a.  all Prisoners With Mental Disorders who were or have been continuously housed in Segregation unit or cell from no later than August 1, 2007, to

February 1, 2008. For purposes of this Requests, "Segregation" encompasses placement at Bridgewater State Hospital;

b. the Exemplars;

c. all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

d. all prisoners who committed suicide in Segregation.

For the records responsive to 8(a-c), please produce records only for the preceding five years. For records responsive to 8(d), please produce records from January 1, 1988.

9.   All documents concerning the Department Disciplinary Unit file of:

a. all Prisoners With Mental Disorders who were or have been continuously housed in Segregation unit or cell from no later than August 1, 2007, to February 1, 2008. For purposes of this Requests, "Segregation" encompasses placement at Bridgewater State Hospital;

b. the Exemplars;

c. all prisoners transferred to Bridgewater State Hospital from Segregation or from Bridgewater State Hospital to Segregation; and

d. all prisoners who committed suicide in Segregation.

For records responsive to 9(a-c)(c), please produce records only for the preceding five years. For records responsive to 9(d), please produce records from January 1, 1988.

10.   All documents concerning the number and/or percentage of disciplinary reports issued to Prisoners With Mental Disorders in Segregation. This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject.

11.   For each calendar year, all documents concerning the number and/or percentage of disciplinary reports issued to each prisoner who is or was at some time on the open mental health case list, or who otherwise receives or received at some time mental health services. This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject.

12.   All documents concerning any policy, practice, or procedure, whether formal or informal, concerning the consideration of mental disorder or other mental health concerns in the discipline, classification, or program participation of any prisoner. This document request is intended to include, without limitation, all current and former versions of the DOC policy found at 103 DOC 650 *et seq.* (including drafts and the site specific procedures established at each DOC institution). This request concerns the period from January 1, 1988 to the present.

13.     All documents concerning any policy, practice, or procedure, whether formal or informal, concerning the consideration of mental disorder or other mental health concerns in assessing the appropriateness of housing a prisoner in Segregation.  This document request is intended to include, without limitation, all current and former versions of the DOC policy found at 103 DOC 650 *et seq.* (including drafts and the site specific procedures established at each DOC institution).  This request concerns the period from January 1, 1988 to the present.

## C.    PRISONERS WITH MENTAL DISORDERS IN SEGREGATION AND/OR GENERAL POPULATION

14.     All documents concerning the length of time spent in Segregation by any Prisoners With Mental Disorders, including but not limited to documents concerning the length of time in each DOC Segregation unit.  This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject, but is not intended to request any individual prisoner's records.

15.     All documents concerning the length of time spent in Segregation by all prisoners, including but not limited to documents concerning the length of time in each DOC Segregation unit.  This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject, but is not intended to request any individual prisoner's records.

16.     All documents concerning the number and/or the percentage of Prisoners With Mental Disorders held in Segregation.  This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject, but is not intended to request any individual prisoner's records.

17.     All documents concerning the number and/or percentage of prisoners placed in Segregation who are and/or were at some time on the open mental health case list, or who otherwise at some time received mental health services.  This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject, but is not intended to request any individual prisoner's records.

18.     All documents concerning the number and/or percentage of all prisoners who receive or received mental health services and/or are on the open mental health case list.  This document request is intended to encompass any statistical reports, including monthly statistical reports, or evaluations within the possession, custody, or control of DOC concerning this subject, but is not intended to request any individual prisoner's records.

19.     All documents concerning the number and/or percentage of prisoners that, while in Segregation:

           a.      have committed or attempted to commit self-injurious behavior;

           b.      have committed or attempted to commit suicide;

           c.      have refused mental health services;

<blockquote>

d.     have declined to leave their cells for exercise or showers;

e.     have been sent to Bridgewater State Hospital for any purpose;

f.     have been on mental health watch; and/or

g.     have required outside hospital treatment for self-injurious behavior.

</blockquote>

This document request is intended to encompass any statistical reports or evaluations, daily, weekly or monthly logs, or other evaluations within the possession, custody, or control of DOC concerning this subject, whether such documents reflect department-wide, institution, and/or Segregation unit-level information. It is not intended to request any individual prisoner's records.

20.     All documents concerning the number and/or percentage of Prisoners With Mental Disorders that, while in Segregation:

<blockquote>

a.     have committed or attempted to commit self-injurious behavior;

b.     have committed or attempted to commit suicide;

c.     have refused mental health services;

d.     have declined to leave their cells for exercise or showers;

e.     have been sent to Bridgewater State Hospital for any purpose;

f.     have been on mental health watch; and/or

g.     have required outside hospital treatment for self-injurious behavior.

</blockquote>

This document request is intended to encompass any statistical reports or evaluations, daily, weekly or monthly logs, or other evaluations within the possession, custody, or control of DOC concerning this subject, whether such documents reflect department-wide, institution, and/or Segregation unit-level information. It is not intended to request any individual prisoner's records.

21.     All documents concerning the number and/or percentage of prisoners in General Population that:

<blockquote>

a.     have committed or attempted to commit self-injurious behavior;

b.     have committed or attempted to commit suicide;

c.     have refused mental health services;

</blockquote>

> d.    have declined to leave their cells for any reason, including but not limited to exercise or showers;
>
> e.    have been sent to Bridgewater State Hospital for any purpose;
>
> f.    have been on mental health watch; and/or
>
> g.    have required outside hospital treatment for self-injurious behavior.

This document request is intended to encompass any statistical reports or evaluations, daily, weekly or monthly logs, or other evaluations within the possession, custody, or control of DOC concerning this subject, whether such documents reflect department-wide, institution, and/or more specific housing unit-level information. It is not intended to request any individual prisoner's records.

22.    All documents concerning the identity, number and/or percentage of prisoners that have been screened out of placement in Segregation because of a Mental Disorder, either before, during or after placement in such Segregation unit, including but not limited to the complete mental health, housing, disciplinary, and classification records of such prisoners, and all documents concerning the decision to screen the prisoner from Segregation. This document request is intended to encompass any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject.

23.    All documents concerning any communications by any mental health providers concerning clinical contraindications to Segregation or other potential adverse consequences of Segregation for any Prisoner With A Mental Disorder, and all documents concerning any decision based on such communications. This document request is intended to encompass any response by DOC to such communications, the full mental health, housing, disciplinary, and classification records of such prisoners, and any statistical reports or evaluations within the possession, custody, or control of DOC concerning this subject.

24.    All documents concerning any policy, formal or informal (including drafts or proposals), of excluding, releasing, or diverting Prisoners With Mental Disorders from Segregation (or any subset of the group "Prisoners With Mental Disorders"), including without limitation, any evaluation, review, or comments on such a policy or draft/proposed policy. This document request concerns the period from January 1, 1988 to the present.

25.    All documents concerning any policy, formal or informal (including drafts or proposals), concerning the appropriateness of Segregation for Prisoners With Mental Disorders in Segregation (or any subset of the group "Prisoners With Mental Disorders"), including without limitation, any evaluation, review, or comments on such a policy or draft/proposed policy. This document request concerns the period from January 1, 1988 to the present.

26.    All documents concerning any policy, formal or informal (including drafts or proposals), for providing enhanced mental health services to Prisoners With Mental Disorders in Segregation (or any subset of the group "Prisoners With Mental Disorders"), including without

limitation, any evaluation, review, or comments on such a policy or draft/proposed policy. This document request concerns the period from January 1, 1988 to the present.

27.   All documents concerning any policy, formal or informal (including drafts or proposals), concerning the reduction or potential reduction of sanctions or the expansion of privileges for Prisoners With Mental Disorders that have, are expected to have, or have had difficulty functioning in Segregation. This document request concerns the period from January 1, 1988 to the present.

28.   All documents concerning grievances of any kind filed by any of the Exemplars and all grievances filed by any prisoner concerning the effect of Segregation on his mental health.

29.   All documents concerning mental health referrals to the residential treatment units at Old Colony Correctional Center, MCI-Gardner, MCI-Framingham, and/or any other therapeutic housing unit within DOC, concerning prisoners housed in Segregation, including without limitation all documents concerning the outcome of each such referral.

30.   All documents concerning any and all meetings, whether internal or external, including but not limited to meetings of the Self-Injurious Behavior Committee, concerning the placement in Segregation of Prisoners With Mental Disorders. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

31.   All documents concerning meetings or communications between the Commissioner and/or any Deputy, Associate, or Assistant Commissioner, Director of Health Services, or Superintendent, and any other person concerning the placement or treatment of Prisoners With Mental Disorders in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

32.   All documents concerning any meetings or communications between any DOC official and any member of the Massachusetts Legislature or their staff concerning the placement or treatment of Prisoners With Mental Disorders in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

33.   All documents concerning any meetings or communications between any DOC official and any employee of the Executive Office of Public Safety or any member of the Governor's staff concerning the placement or treatment of Prisoners With Mental Disorders in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

34.   All documents concerning any case conference reviews concerning either the Exemplars or any Prisoner With A Mental Disorder in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

35.   All documents concerning meetings between the Commissioner and/or any Deputy, Associate, or Assistant Commissioner, Director of Health Services, or Superintendent, and any other person concerning the placement of Prisoners Richard Baldwin, James Burns, Kimari Robinson, Ralph Sullivan, Miguel Valentin, Abraham Halperin, Dennis Hardy, David

Husband, and any of the Exemplars. This request specifically includes but is not limited to any formal case conference regarding any of the aforementioned prisoners, and any agendas, minutes or notes taken during those meetings by any person.

36.     All documents concerning the death of any prisoner in Segregation, including any of the Exemplars and Mark Christy. This request is intended to include, but is not limited to, any Morbidity and Mortality Review, post-mortem internal DOC meetings, memoranda, and notes concerning the death of any prisoner in Segregation, any meetings between DOC and UMCHP, MHM, CMS or any other present or former DOC medical or mental health provider concerning the death of any prisoner who was housed at any time in Segregation, and any other meetings between DOC and anyone outside DOC where such death was discussed.

**D.     OPERATION OF SEGREGATION UNITS**

37.     All documents concerning policies, practices, post orders, or manuals for each Segregation unit, including without limitation, all training materials.

38.     All documents concerning the current physical descriptions of each Segregation unit within the DOC, including the size and physical characteristics of each cell, the layout of each unit, and the number of correctional officers.

39.     All documents concerning the length of time prisoners spend in Segregation, including but not limited to all documents concerning proposals to either increase or reduce the amount of time prisoners spend in Segregation, whether or not such prisoner suffers from a Mental Disorder, and any statistical reports on this topic. This document request is not intended to encompass personal records of any prisoner.

40.     All documents concerning the amount of time a prisoner held in Segregation actually spends in his cell, including but not limited to log books recording this time. This document request is not intended to encompass personal records of any prisoner.

41.     All documents concerning the amount of time a prisoner held in Segregation is allowed to have outside of his cell, including without limitation all documents concerning the activities that are available during the out of cell time. This document request is not intended to encompass personal records of any prisoner.

42.     All documents concerning the ability of a prisoner held in Segregation to communicate with staff. This document request is not intended to encompass personal records of any prisoner.

43.     All documents concerning the ability of a prisoner held in Segregation to communicate with persons outside of the DOC, including without limitation visits, mail, electronic mail, and telephone use. This document request is not intended to encompass personal records of any prisoner.

44.     All documents concerning the provision of radio or television to prisoners held in Segregation units. This document request is not intended to encompass personal records of any prisoner.

45.    All documents concerning the complete IMS file, including the segregation review screens in IMS, for each Exemplar.

46.    All documents concerning segregation review meetings at MCI-Cedar Junction and Souza Baranowski Correctional Center and any other DOC facility where similar meetings take place. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

47.    All documents concerning the Daily Meetings or Morning Climate meetings at each DOC facility concerning any Prisoners With Mental Disorders housed in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

48.    All documents concerning any tracking system used in connection with DOC segregation review meetings.

49.    All documents concerning any unit logs for all Segregation units within DOC.

50.    All documents concerning any and all committees or task forces charged with examining the policies or practices in Segregation units that concern prisoner mental health in any way, including but not limited to the Department Disciplinary Unit, including but not limited to any proposals examined or proposed by such committees. This document request concerns the period from January 1, 1988 to the present.

51.    All documents concerning the "Department Disciplinary Unit High Risk Offender Program."

52.    All documents or policies, formal or informal, concerning the input of MHM, UMCHP, CMS, or any other DOC mental health provider(s) regarding the use of disciplinary sanctions or Segregation for any Prisoner With A Mental Disorder.   This document request concerns the period from January 1, 1988 to the present.

**E.    PROVISION OF MENTAL HEALTH SERVICES**

53.    All documents, including drafts, concerning the provision of mental health services to prisoners in Segregation, including but not limited to any specific protocols of DOC, MHM, UMCHP and any predecessor to UMCHP for the provision of prisoner mental health services. This document request concerns the period from January 1, 1988 to the present.

54.    All documents concerning the adequacy of the mental health services provided to Prisoners With Mental Disorders in Segregation by MHM, UMCHP, or any predecessor to UMCHP. This document request concerns the period from January 1, 1988 to the present.

55.    All documents concerning any communications by any mental health providers or DOC Health Service Division staff regarding the adequacy of the mental health services provided to Prisoners With Mental Disorders in Segregation. This document request concerns the period from January 1, 1988 to the present.

56.    All documents concerning any communications by any person or entity other than a mental health provider regarding the adequacy of the mental health services provided to Prisoners With Mental Disorders in Segregation.

57.    All documents concerning critiques or evaluations by any governmental agency other than DOC concerning any of DOC's mental health policies, practices, or procedures, including but not limited to the mental health policies set forth in 103 DOC 650 *et seq.*  This document request concerns the period from January 1, 1988 to the present.

58.    All documents concerning any changes or proposals for changes to the mental health policies set forth at 103 DOC 650 *et seq.*

59.    All documents concerning the implementation or application of the policies set forth at 103 DOC 650 *et seq.* concerning the appropriateness of Segregation for Prisoners With Mental Disorders.

60.    All documents concerning any policies or practices, formal or informal, concerning clinical contraindications to Segregation for Prisoners With Mental Disorders, including but not limited to communications between DOC and MHM, UMCHP, CMS or any other mental health provider.  All documents concerning any changes or proposals for changes to the mental health policies set forth at 103 DOC 650 *et seq.*

61.    All documents concerning training given to employees, agents, and/or independent contractors of DOC concerning Mental Disorders or mental health.  This request includes, but is not limited to, all materials and documentation used to prepare for or run the training, all documents handed out at the training, and any attendance sheets or other records regarding attendance at such trainings.

62.    All documents concerning meetings concerning mental health policies between DOC and any provider of mental health services to DOC, including without limitation CMS, UMCHP, and MHM.  This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

63.    All documents concerning pharmacy and therapeutic meetings concerning mental health between DOC and any provider of mental health services to DOC, including without limitation CMS, UMCHP, and MHM.  This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

64.    All documents concerning quarterly "facility" meetings regarding mental health issues between DOC and any provider of mental health services to DOC, including without limitation CMS, UMCHP, and MHM.  This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

65.    All documents concerning Executive Meetings between DOC and any provider or potential provider of mental health services to DOC, including without limitation CMS, UMCHP, and MHM.  This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

66.     All documents concerning meetings between any Superintendent or Deputy Superintendent, and any mental health director or other mental health provider concerning Prisoners With Mental Disorders currently, formerly, or potentially considered for placement in Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

67.     All documents concerning meetings of the Bridgewater State Hospital governing board concerning issues related to the housing of Prisoners With Mental Disorders in Segregation, including any transfers of Prisoners With Mental Disorders from Segregation to Bridgewater State Hospital and from Bridgewater State Hospital to Segregation. This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

68.     All documents concerning meetings between DOC and the Governing Body of Bridgewater State Hospital related to the housing of Prisoners With Mental Disorders in Segregation, including any transfers of Prisoners With Mental Disorders from Segregation to Bridgewater State Hospital and from Bridgewater State Hospital to Segregation . This request specifically includes any agendas, minutes or notes taken during those meetings by any person.

69.     All documents concerning any meetings or communications relating to transfers of Prisoners With Mental Disorders from Segregation to Bridgewater State Hospital and from Bridgewater State Hospital to Segregation.

70.     All documents concerning the mental health log books for each facility operated by DOC, including without limitation minutes of daily triage meetings of mental health staff.

71.     All documents concerning daily meetings among each facility's Superintendent or Deputy Superintendent and any current, former, or acting director of mental health services in which any discussion occurred regarding prisoners in Segregation. This request specifically includes any minutes or notes taken during those meetings by any person.

## F.    MENTAL HEALTH PROVIDERS

72.     All documents concerning DOC's contract with UMCHP to provide medical and/or mental health services to prisoners within DOC.

73.     All documents relating to any subcontract entered into by UMCHP stemming from any contracts between UMCHP and DOC to provide mental health services to prisoners within DOC.

74.     All documents concerning minutes or notes of any meetings or discussions between any UMCHP representative and DOC regarding the provision of mental health services by UMCHP to prisoners in Segregation.

75.     All documents concerning DOC's contract with MHM to provide medical and/or mental health services to prisoners within DOC.

76.    All documents relating to any subcontract entered into by MHM related to the provision of mental health services stemming from any contracts between MHM and DOC to provide medical and/or mental health services to prisoners within DOC.

77.    All documents concerning minutes or notes of any meetings or discussions between any MHM representative and DOC regarding the provision of mental health services by MHM to prisoners in Segregation.

78.    All documents concerning DOC's contract with any predecessor to UMCHP to provide medical and/or mental health services to prisoners in Segregation within DOC. This document request concerns the period from January 1, 1988 to the present.

79.    All documents relating to any subcontract entered into by any predecessor to UMCHP related to the provision of mental health services stemming from any contracts between predecessor to UMCHP and DOC to provide medical and/or mental health services to prisoners within DOC. This document request concerns the period from January 1, 1988 to the present.

80.    All documents concerning minutes notes of any meetings or discussions between any representative of any predecessor to UMCHP and DOC regarding the provision of mental health services by such predecessor to UMCHP to prisoners in Segregation within DOC. This document request concerns the period from January 1, 1988 to the present.

81.    All documents concerning any reviews of mental health services in DOC Segregation units conducted by the Department of Mental Health or any other outside entity. This document request concerns the period from January 1, 1988 to the present.

82.    All documents concerning the formation, investigation, findings or reports of any committee, internal or external, designated to investigate the self-injurious behavior of prisoners within the DOC, including but not limited to the Self-Injurious Behavior Committee

83.    All documents concerning any policy, process or proposal for assessing whether there are any clinical contraindications to Segregation for Prisoners With Mental Disorders or whether any such prisoner is eligible for any alternative placement.

84.    All documents, including policies or other procedures, concerning the location or confidentiality of mental health interviews for prisoners in Segregation.

85.    All documents concerning any therapeutic modules for use by prisoners with mental disorder, whether proposed or currently in use. This document request includes, but is not limited to, documents concerning proposals or recommendations concerning these modules.

## G.    HAYES REPORT

86.    All documents concerning the report by Lindsay M. Hayes entitled Technical Assistance Report on Suicide Prevention Practices Within the Massachusetts Department of Correction (Feb. 1, 2007) (hereinafter "Hayes Report"), including without limitation:

a.      documents considered by DOC that led to the decision to hire Mr. Hayes;

b.      instructions or directives given to Mr. Hayes;

c.      documents provided to him for consideration;

d.      communications with Mr. Hayes concerning the subject matter of his report;

e.      drafts of the Hayes Report;

f.      documents referred to in the Hayes Report;

g.      documents concerning DOC's evaluation of the Hayes Report;

h.      documents concerning DOC's implementation of the recommendations in the Hayes Report;

i.      progress reports concerning the implementation of the recommendations in the Hayes Report;

j.      Executive Staff Performance Accountability and Culture meetings concerning compliance with the Hayes Report (this request specifically includes any minutes or notes taken during those meetings by any person.);

k.      documents concerning any meetings held by or among DOC superintendents regarding the evaluation by Mr. Hayes and the Hayes report (this request specifically includes any minutes or notes taken during those meetings by any person); and

l.      documents concerning the estimated costs, including but not limited to capital costs, to implement the recommendations contained in the Hayes Report.

87.    All documents concerning the 2007 DOC Corrective Action Plan Addressing Recommendations in Technical Assistance Report on Suicide Prevention Within the Massachusetts Department of Correction, including drafts thereof, and all documents concerning implementation of the Corrective Action Plan.

88.    All documents concerning any funding requests to implement the recommendations in the Hayes Report or the Corrective Action Plan.

89.    All documents concerning any changes to mental health services implemented following the Hayes Report, including but not limited to any changes in procedure for prisoners in Segregation at any DOC facility to receive mental health services.

## H.   ALTERNATIVES TO SEGREGATION

90.   All documents concerning the recommendation in 1989 by the Governor's Special Advisory Panel on Forensic Mental Health that the DOC establish a comprehensive mental health center that could serve as an alternative to both Segregation and Bridgewater State Hospital. This request is intended to encompass any minutes or notes of any conversations or meeting, whether internal or otherwise, concerning this recommendation, and any action taken by DOC in response thereto. This document request concerns the period from January 1, 1988 to the present.

91.   All documents concerning the letter from James Gilligan and Marie King of Prison Mental Health Service to DOC Associate Commissioner Frank Jones, dated October 24, 1990, concerning a comprehensive treatment unit for prisoners who would otherwise be confined in Segregation. This document request is intended to encompass any minutes or notes of any conversations or meeting, whether internal or otherwise, concerning this recommendation, and any action taken by DOC in response thereto. This document request concerns the period from January 1, 1988 to the present.

92.   All documents concerning any task force report or similar such report on mentally ill prisoners prepared by Prison Mental Health Services in approximately October, 1990. This document request is intended to encompass any minutes or notes of any conversations or meeting, whether internal or otherwise, concerning this recommendation, and any action taken by DOC in response thereto. This document request concerns the period from January 1, 1988 to the present.

93.   All documents concerning any proposal for or other consideration of a Behavioral Integration Unit or similar unit at MCI-Cedar Junction in the 1990s. This document request concerns the period from January 1, 1988 to the present.

94.   All documents concerning alternatives to Segregation for Prisoners With Mental Disorders not otherwise produced in response to the above requests. This document request concerns the period from January 1, 1988 to the present.

95.   All documents concerning any proposal or recommendation by any party, including without limitation, UMCHP, MHM, and/or CMS, concerning the construction or use of a residential treatment program (or similar unit) as an alternative to Segregation. This document request is intended to encompass all responses to any such recommendations, including any communications, minutes or notes of conversations or meetings, whether internal or otherwise, concerning any such proposals, and any action taken by DOC in response to any such proposals. This document request concerns the period from January 1, 1988 to the present.

96.   All documents concerning the 2002 proposal by UMCHP for a Behavioral Integration Unit. This document require is intended to encompass any communications, minutes or notes of conversations, meetings, or task forces, whether internal or otherwise, concerning any such proposals, and any actions taken by DOC in response to such proposals.

97.   All documents concerning any proposals made by UMCHP for the creation of a high security residential treatment program for Prisoners With Mental Disorders. This document

request is intended to encompass any communications, minutes or notes of conversations or meetings, whether internal or otherwise, concerning any such proposals, and any action taken by DOC in response to such proposals.

98.     All documents concerning any communications among DOC staff concerning any proposals or recommendations by UMCHP to address issues raised by Prisoners With Mental Disorders in Segregation, including but not limited to any proposal for a high security residential treatment program.

99.     All documents concerning the interdisciplinary internal committee co-chaired by the Assistant Deputy Commissioner and the Director of Health Services to develop plans for an alternative to Segregation at Souza Baranowski Correctional Center, including without limitation any briefing of this committee to DOC executive staff.

100.     All documents concerning any requests for proposals issued by DOC, and all proposals and accompanying documents received by DOC, whether accepted or rejected, concerning any residential treatment programs for prisoners housed in units classified as "maximum security" facilities.

101.     All documents concerning any and all internal meetings concerning the creation of any type of high security residential treatment unit. This request specifically includes any agendas, minutes or notes taken during those meetings by any person. This document request concerns the period from January 1, 1988 to the present.

102.     All documents concerning any and all meetings among DOC and any other person concerning the creation of any type of high security residential treatment unit. This request specifically includes any agendas, minutes or notes taken during those meetings by any person. This document request concerns the period from January 1, 1988 to the present.

103.     All documents concerning any proposals or plans for any type of high security residential treatment program, including without limitation documents concerning the need for such a unit, proposals for such a unit, costs of such unit, schematics, and evaluation of such proposals. This document request concerns the period from January 1, 1988 to the present.

104.     All documents concerning the establishment or construction of any type of high security residential treatment program by DOC. This document request is intended to encompass any proposals or recommendations by any party concerning any such unit, any internal discussions, consideration, or evaluation by DOC concerning any such unit, any steps taken by DOC in response to such proposals, and any requests for the funding of any such unit. This document request concerns the period from January 1, 1988 to the present.

105.     All documents concerning the security requirements of a high security residential treatment program, including any internal discussions, consideration, or evaluation by DOC of the ability of a residential treatment program to provide adequate security.

106.     All documents concerning the cost of constructing a residential treatment program, including any internal discussions, consideration, or evaluation by DOC such cost. This document request concerns the period from January 1, 1988 to the present.

107.   All documents concerning estimates for the number of beds in any proposed residential treatment program. This document request concerns the period from January 1, 1988 to the present.

108.   All documents concerning the identification of any prisoner who might be suitable for placement in any residential treatment program at a maximum or medium-security facility, including but not limited to the criteria for placement in such a unit, the names of all prisoners considered for placement in any such unit and any information regarding any decision, if any, on that prisoner's placement.

109.   All documents concerning any proposed or actual clinical or security-based exceptions to the receipt by prisoners in Segregation of enhanced mental health programs or activities for prisoners in Segregation, or for inclusion or exclusion from any residential treatment program.

110.   All documents concerning any proposals or policies concerning the provision of enhanced mental health services or programs to Prisoners With Mental Disorders in Segregation.

111.   All documents concerning any proposals or policies regarding the provision of flexible sanctions or punishments or expanded privileges to Prisoners With Mental Disorders in Segregation.

112.   All documents concerning the Report on the Psychiatric Management of John Salvi in Massachusetts Department of Correction Facilities 1995-1996 (submitted to the Massachusetts Department of Correction by the University of Massachusetts Medical Center Department of Psychiatry on January 31, 1997). This document request is intended to encompass any notes of conversations or meetings (internal or otherwise) concerning this report, and any action taken by DOC in response thereto, including without limitation the 1998 hiring of Greg Hughes to develop potential residential treatment programs, and any documents reviewed or prepared by Mr. Hughes concerning Prisoners With Mental Disorders in Segregation.

113.   All documents concerning the Governor's Commission on Correction Reform, Report of Mental Health Services Subgroup  (August 24, 2005). This document request is intended to encompass any notes of conversations or meetings (internal or otherwise) concerning the recommendations in this report that DOC establish residential treatment programs, and any action taken by DOC in response thereto.

114.   All documents concerning the suitability of Bridgewater State Hospital for maximum security prisoners, including but not limited to documents concerning any security issues presented by prisoners transferred to Bridgewater State Hospital from Segregation and any reports regarding how such security issues were handled.

115.   All documents concerning any recommendations or communications by clinicians or evaluators at Bridgewater State Hospital concerning clinical contraindications to Segregation.

## I.    ADDITIONAL SPECIFIC REQUESTS

116.   All documents concerning monthly meetings among the superintendents and deputy superintendents in which mental health concerns were discussed. This document request is intended to encompass any agendas, minutes or notes taken during those meetings by any person.

117.   All documents concerning Quarterly Quality Improvement Meetings in which mental health issues concerning prisoners in Segregation were discussed. This document request is intended to encompass any agendas, minutes or notes taken during those meetings by any person.

118.   All documents concerning any audits, including but not limited to Quarterly Audits by DOC of any and all medical and/or mental health providers, including but not limited to such audits of the medical and/or mental health providers record keeping and provision of services.

119.   All documents concerning Monthly Pharmacy and Therapeutics Committee Meetings. This document request is intended to encompass any agendas, minutes or notes taken during those meetings by any person.

120.   All documents concerning Monthly Policy and Procedure Meetings in which mental health concerns were discussed. This document request is intended to encompass any agendas, minutes or notes taken during those meetings by any person.

121.   All documents concerning Morbidity or Mortality Reviews, including without limitation, any discussion in such documents concerning the appropriateness of the prisoner's placement in Segregation or any need for DOC to develop alternatives to Segregation for Prisoners With Mental Disorders. This document request is intended to encompass any agendas, minutes or notes taken during those reviews by any person.

122.   All documents concerning the statistics of DOC or any DOC medical/mental health provider concerning the number of suicides and suicide attempts each year by prisoners within each Segregation unit, and in each DOC facility.

123.   All documents concerning statistics of DOC or any DOC medical and/or mental health provider, including but not limited to MHM, UMCHP, and CMS, concerning the number of incidents of self-injurious behavior each year by prisoners within each Segregation unit and in each DOC facility.

124.   All documents concerning statistics of DOC or any DOC medical and/or mental health provider, including but not limited to MHM, UMCHP, and CMS, concerning the number of prisoners transferred to Bridgewater State Hospital to Segregation and from Segregation to Bridgewater State Hospital.

125.   All documents concerning statistics of DOC or any DOC medical and/or mental health provider, including but not limited to MHM, UMCHP, and CMS, concerning the number

of prisoners put on Mental Health Watch status in each Segregation unit and in each DOC facility.

126.   All documents concerning Weekly Climate meetings conducted by Facility Superintendents in which mental health concerns are discussed.   This document request is intended to encompass any agendas, minutes or notes taken during those meetings by any person.

127.   All documents concerning any "Alston Reviews" or other related reports at MCI-Cedar Junction.

128.   All documents concerning H1313: An Act Relative to Confinement Conditions and Treatment of Prisoners with Mental Illness, including all communications between DOC and the Massachusetts State Legislature and/or the Massachusetts Executive Office of Public Safety.

129.   All documents concerning reports or other communications from the Department of Mental Health concerning Prisoners With Mental Disorders held in Segregation.

130.   All documents concerning any communications with the media concerning Prisoners With Mental Disorders in Segregation, including all documents concerning any media reports about Prisoners With Mental Disorders in Segregation and media reports about any suicides that occurred within any DOC facility.

131.   All documents concerning any Accreditation Reports on health care services at DOC facilities, including but not limited to the February, 1994 Accreditation Report on the Health Care Services at Massachusetts Correctional Institute Cedar Junction and all such similar reports for other DOC facilities.

132.   All documents reviewed or relied on when answering the Complaint in this action.

133.   All documents identified in Defendants' Initial Disclosures.

134.   All documents that were reviewed or considered in preparing the November 20, 2007 Draft Plan for the Management of Mental Health Needs of Inmates Within the Massachusetts Department of Correction.

## J.   EXPERTS

135.   All documents provided to, considered by and/or relied on by any experts retained by DOC in this litigation.   This does not include communications between any such expert and DOC legal counsel, as per the agreement of the parties.

Dated: February 15, 2008

Respectfully submitted,

**THE DISABILITY LAW CENTER, INC.**

By its attorneys,

James R. Rollins, Esq.
*admitted pro hac vice*
james.rollins@bingham.com
Cynthia M. Guizzetti, BBO #653858
cynthia.guizzetti@bingham.com
Alison E. Hickey, BBO #666814
alison.hickey@bingham.com
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Richard M. Glassman, BBO #544381
rglassman@dlc-ma.org
Karen Talley, BBO #644764
ktalley@dlc-ma.org
Nancy Svirida, BBO #663749
nsvirida@dlc-ma.org
**DISABILITY LAW CENTER, INC.**
11 Beacon Street, Suite 925
Boston, MA  02108
(617)723-8455

James Pingeon, BBO #541852
jpingeon@mcls.net
Leslie Walker, BBO #546627
lwalker@mcls.net
Bonnie Tenneriello, BBO #662132
btenneriello@mcls.net
Joel Thompson, BBO #662164
jthompson@mcls.net
**MASSACHUSETTS CORRECTIONAL
LEGAL SERVICES, INC.**
8 Winter Street, 11th Floor
Boston, MA 02108
(617) 482-2773

Robert Fleischner, BBO #171320
rfleischner@cpr-ma.org
**CENTER FOR PUBLIC**
**REPRESENTATION**
22 Green Street
Northampton, MA 01060
(413) 587-6265

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008 a true copy of the foregoing document was served by first class mail upon the following counsel of record for the Defendants:

William D. Saltzman, Esq.
Massachusetts Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110

Cynthia M. Guizzetti