# Exhibit D

David Sasser
HAMLIN & SASSER, P.A.
Attorneys at Law
3100 S. Vista Ave., Ste. 200
Boise, ID 83715
Telephone (208) 344-8474
Facsimile (208) 344-8479

Attorneys for Defendants

Stephen L. Pevar
American Civil Liberties Union
1888 Sherman St., Suite 380
Denver, CO 80203
Telephone (303) 839-5752
Facsimile (303) 831-7524

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOBBIE ANN L. MAKINSON, and DON R. ELLINGFORD, individually, and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BONNEVILLE COUNTY, by and through its Board of County Commissioners, ROGER S. CHRISTENSEN, CLIFF LONG, and BILL SHURTLEFF; and its Sheriff BYRON R. STOMMEL, <br><br> Defendants. | Case No. CIV-97-0190-E-BLW <br><br><br> **SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN** |

COME NOW, Bonneville County Defendants (County), by and

through their attorneys of record, Hamlin & Sasser, P.A., and

Plaintiffs, by and through their attorney of record, Stephen L.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 1**

Pevar, Staff Counsel for the American Civil Liberties Union (ACLU) and agree as follows.

Whereas, the County has completed construction of the new Bonneville County Jail, has transferred all inmates and detention operations to the new jail and has thereby resolved all concerns which gave rise to the existing Consent Decree, excluding those provisions relating to medical and health care services, the parties agree as follows:

1. During the pendency of the Consent Decree the American Civil Liberties Union (ACLU) received a number of complaints regarding alleged deficiencies in the manner in which medical and health care services were provided to inmates within the Bonneville County Jail. The County acknowledges that with regard to one such complaint during the summer and fall of 1998, the County failed to provide adequate and timely information regarding that complaint as required by Paragraph 116 of the Consent Decree, and that with regard to another complaint during the fall of 1997, the County failed to keep a log that accurately reflected the actual time when medication was provided to inmates as required by paragraph 30 of the Consent Decree.

2. In view of the Plaintiffs' continuing concerns regarding the provision of medical and health care services within the Bonneville County Jail and in light of the County's acknowledged failure to provide medical records in a timely fashion as required by the Consent Decree, the parties agree that, with the

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 2**

exception of the provisions related to medical and health care services within the Bonneville County Jail, the purposes of the Consent Decree have been accomplished and this Court can and should enter its Order dismissing all provisions of the Consent Decree, except those set forth within Section III(B) of the Consent Decree regarding Medical and Health Care Services. The parties further agree that the referenced provisions from the Consent Decree and additional specific provisions regarding optical health care services will be set forth in detail hereinafter, along with the parties' agreements regarding how implementation, enforcement, verification and inspections will be carried out in order to promote compliance with this Agreement and the Court's Order regarding these agreements during the term of this Agreement.

I.

## MEDICAL AND HEALTH CARE SERVICES

**A.** County will contract with a local health care provider to provide health care services to inmates. Such health care provider may be a physician, health care administrator or agency. An EMT or nurse shall review, initial, and date all non-emergency requests for medical, dental or mental health care (however characterized) and respond thereto within twenty-four (24) hours of receipt of a request for medical care. The final judgment concerning the medical condition and treatment of any inmate shall rest with a licensed physician. County will not condition receipt of medical care upon an inmate's agreement to pay for such care.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 3**

B.     County will provide each inmate with a copy of the written Inmate Handbook, which includes provisions regarding medical services, at the time of intake, or as soon thereafter as is possible.  County will document the receipt of the Inmate Handbook in each inmate's file.  County will also post this medical protocol in places that are conspicuous to inmates incarcerated in the Bonneville County Jail.

C.     County will use a general health and mental health screening procedure, at the time of intake, or as soon thereafter as is possible, detailing each inmate's past and present medical, physical and mental condition.

D.     County will provide a form ("medical kite") for inmates to use to report any need for medical, dental, optical or mental health care, including therein a space where the health care provider can diagnose the inmate's medical status and the treatment rendered, including any authorization to provide medication or other treatment to such inmate.  County shall keep a copy of the request and response form in the inmate's medical file and will provide the involved inmate a copy of that form or other written documentation explaining the status of the inmate's medical care within twenty-four (24) hours of the request for medical care.

E.     Inmates may report illness or a need for medical attention on no less than a daily basis through the use of the medical request form referred to in the preceding paragraph.  The County will provide a secure drop box in each housing unit in which

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 4**

inmates will place completed medical request forms. The health care provider, or his or her designee, will retrieve all forms from such drop boxes approximately every twelve (12) hours. The health care provider shall document all diagnoses and treatments in writing and shall keep such documentation in the inmate's medical file as stated in the prior paragraph.

**F.** The County shall provide twenty-four (24) hour emergency medical care at an emergency room or other appropriate health facility for the care of the inmates' emergency medical needs. County shall immediately transport inmates requiring emergency medical care to an appropriate medical facility. The jail shall have sufficient staff to transport inmates or shall call EMT's to do the transporting.

**G.** The County shall keep all records related to each inmate's medical condition on file. County will keep each inmate's medical records in a separate medical file and treat these files as confidential and will limit access to such files to persons involved in the delivery of medical services.

**H.** An inmate who at the time of admission to the jail indicates that he or she is currently under the care of a physician or is currently taking medication prescribed by a physician, shall be seen by an EMT, nurse or physician within twenty-four (24) hours of admission to the jail. County shall provide inmates who are taking prescribed medications at the time of incarceration, with those medications, unless a physician determines it is unnecessary.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 5**

If a licensed health care provider prescribes medication for an inmate, County shall provide it to the inmate as soon as possible, but no longer than twelve (12) hours after the prescription is issued. County shall provide inmates with refills authorized by a physician without lapse in prescription.

I. County agrees to provide all prescribed medications to inmates in accordance with the schedule recommended by the physician prescribing such medication, and to keep a log that accurately reflects the actual specific time each medication was provided.

J. The County, through a properly trained EMT, will perform a health appraisal of all inmates who are incarcerated in the Bonneville County Jail for more than fourteen (14) days. County shall document these appraisals. In the event the appraisal raises questions regarding the need for further diagnosis or treatment, County will arrange for the inmate to be seen by a physician.

K. County shall train the jail staff to identify and appropriately respond to the medical and psychiatric needs of inmates. The training program will include instruction in the following areas:

(1) Recognition of signs and symptoms and knowledge of action required in emergency medical situations;

(2) Administration of limited emergency first aid and cardiopulmonary resuscitation;

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 6**

(3)   Methods of obtaining medical assistance;

(4)   Recognition of signs and symptoms of mental illness, retardation, emotional disturbance, and chemical dependency;

(5)   Distribution of medications to inmates, including steps that should be taken to ensure the inmates take all medications in the presence of a staff member and proper documentation of the distribution of medication; and

(6)   Procedures for transfers to appropriate medical facilities or health care institutions.

**L.**   County shall immediately segregate any inmate who is believed to have a contagious or infectious disease (excluding the common cold or similar non-dangerous common disease) from other inmates.   County shall have the contagious inmate examined by the health care provider as soon as possible.

**M.**   The parties agree that County may transfer an inmate to other facilities if that inmate requires medical care that the local health care provider cannot supply.

**N.**   Inmates who are believed to be suffering from drug or alcohol withdrawal or mental health problems at the time of their admission or at any time thereafter while housed in the jail, will be seen by an EMT, nurse, counselor or a physician within twenty-four (24) hours of detection of such condition, unless it appears the inmate requires diagnosis and treatment sooner, in which circumstances the County will make arrangements for the inmate to be seen in the jail, at an emergency room or other

**SECOND   SUPPLEMENTAL   AGREEMENT   BETWEEN   BONNEVILLE   COUNTY   AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 7**

appropriate health facility as soon as possible. A licensed physician will determine the nature and extent of treatment needed by any such inmate.

O. County will maintain a first-aid kit in the jail for use by the jail staff in the event of a medical emergency. County will obtain a list of medical supplies which should be maintained in the first-aid kit from the health care providers/EMTs who provide medical services to the jail, and County will inspect and restock such first-aid kit and document such actions on a monthly basis.

P. County will provide female inmates with access to necessary gynecological and obstetrical care. All female inmates who are incarcerated for more than fourteen (14) days in the Bonneville County Jail will, as a part of their health appraisal, have access to appropriate examination by appropriately trained and experienced nurses, or where necessary, physicians who specialize in OB/GYN. In the event it is determined that a female inmate is pregnant, whether such determination is made at the time of the inmate's admission or at any time thereafter, County will make arrangements for such inmates to be seen by a physician who specializes in OB/GYN and/or physicians' assistants, nurses or nurse practitioners who are trained to provide such services and who are competent to provide pre-natal care within seventy-two (72) hours of such a determination. In the event a female inmate

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 8**

declines any such medical services, such declination will be documented in the inmate's medical records.

Q. County will provide dental services to inmates by making an appointment with a local dentist, unless treatment is needed sooner due to severe pain, under which circumstances, County will arrange for the inmate to receive emergency medical treatment to relieve the pain and obtain guidance from a licensed physician regarding what action should be taken pending treatment by an appropriate dental practitioner. County will provide dental care determined to be necessary to relieve pain and preserve natural teeth, but County is not under an obligation to provide dental care that is determined to be of a cosmetic nature by the dental health care provider. Inmates who are confined in the jail continuously for more than six (6) months will be provided dental cleaning if it is recommended by the treating dentist.

R. County shall segregate and closely supervise prisoners who endanger the health or safety of themselves or other inmates. County shall separately house inmates who are charged with a crime and who are suspected to be mentally ill from the general population, until they can be properly diagnosed and/or transported to a facility that can provide for their needs. County agrees that, except when emergency circumstances exist necessitating immediate diagnosis or treatment of an inmate's mental health, within seventy-two (72) hours of discovery that an inmate may be mentally ill, County will initiate proceedings

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 9**

authorized under <u>Idaho Code</u> § 66-317 et seq. to have such person examined and treated as provided for therein. In situations where an inmate indicates or a staff member believes an inmate is in need of immediate mental health diagnosis or treatment, County agrees to have the inmate seen by an EMT immediately, and the EMT will determine whether the inmate should be seen by a physician or other health care provider immediately.

     **S.** The Notice to Inmates Regarding Medical, Optical and Health Care Services that is appended hereto as Exhibit "A," shall be given to the inmates by posting the referenced Notice conspicuously in the medical room and in each housing area of the Bonneville County Jail.

**II.**

**OPTICAL HEALTH CARE SERVICES**

     **T.** All inmates will receive an eye examination as a part of their fourteen (14) day medical review which will consist of the following:

     (1) Distant visual acuity using a standard Snellen Chart at 20 feet.

     (2) Near visual acuity using a near vision Snellen Chart.

     (3) An auto refractor test to confirm the findings of the visual acuity test.

     (4) Fundoscopy and globe pressure on inmate's older than 50 years of age.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 10**

U.    In the event an inmate requests optical medical care prior to or subsequent to the 14 day medical review and the inmate's visual acuity is at issue, he/she will be provided the examination referred to above and such treatment as the responsible medical provider determines is appropriate.

V.    Further, Bonneville County will use a 3 copy medical request form (referred to in paragraph I(D) above) and will periodically train and retrain all personnel involved in the delivery of medical care services regarding the appropriate use of that form, including but not limited to the nature of all information that is to be reported upon that form.  The original of that 3 copy form will go to the inmate's medical file, one of the copies will go to the inmate and the other copy will go to the responsible physician.

W.    Bonneville County has purchased an auto refractor, which will be used to confirm the findings of the visual acuity tests and help them determine the appropriate treatment that needs to be provided.

X.    Bonneville County will, for the duration of this Agreement, place one copy of all inmate requests for optical health care services, including a copy of the examination results and the treatment ordered by the physician, in one confidential central file to facilitate easy review of those documents by the Idaho Sheriff's Association--Jail Standards Coordinator each time he conducts the inspections agreed to herein by the parties.

**SECOND  SUPPLEMENTAL  AGREEMENT  BETWEEN  BONNEVILLE  COUNTY  AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 11**

## III.

### IMPLEMENTATION AND ENFORCEMENT

**Y.**  This Agreement is binding upon the parties hereto and, in the event any provision causes a result unintended by the parties, or causes an ambiguous interpretation, the aggrieved party shall notify the other party in writing of the unintended result or ambiguous interpretation.  Such written notification shall include a statement of facts sufficient to identify the unintended result or ambiguous interpretation.  Upon receipt of said written notice, the parties shall have thirty (30) days to make a good faith effort to negotiate a settlement to the problem between themselves.  If the parties are unable to reach an agreement within those thirty (30) days, the issue may then be submitted to the Court for assistance through a status conference to resolve the issue.  If, after attempting such informal resolution, the dispute is not resolved, requests to modify this Decree or to enforce it may be filed.

**Z.**  The parties agree that in the event of a dispute between them regarding the terms and conditions of this Agreement, they will provide written notice to the other of the alleged dispute, including a statement of facts sufficient to identify their dispute and to make it possible for them to attempt to resolve the matter through negotiation.  In the event that they are unable to resolve the matter within thirty (30) days, the parties

SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 12

agree to seek this Court's assistance through a status conference, to resolve the issue.

     **AA.** No action may be brought by either of the parties to enforce this Agreement until thirty (30) days after written notification of recognition of an unintended result, an ambiguous interpretation or dispute regarding the terms and conditions of this Agreement and the related Order. The parties agree to exhaust these administrative remedies prior to requesting assistance from the Court and the parties expressly agree that neither shall be entitled to attorney fees or costs if they fail to negotiate and/or exhaust these administrative remedies prior to seeking the Court's assistance in resolving any dispute regarding this Agreement.

     **BB.** It is expressly understood and agreed by the parties hereto, that the object of this Agreement is to obtain compliance herewith, and the County expressly agrees to provide adequate funding to assure compliance with the provisions set forth herein.

     **CC.** In the event that the County learns that any portion of this Agreement is totally impossible to implement or impossible to implement within the time allowed, County shall notify Plaintiffs' counsel as soon as County becomes aware of such impossibility and shall include in such notification the following:

     (1) The precise provision of this Agreement which cannot be completed.

     (2) The reason why said completion cannot take place or cannot take place on time.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 13**

(3) A statement of an alternative plan for accomplishment of an equivalent, if possible.

(4) An estimate of the time necessary to fully complete the referenced provision.

(5) If it is contended that any such provision cannot, under any circumstances be completed, an explanation of the reason why completion is impossible.

(6) Upon receipt of such notification, the parties hereto will attempt to resolve such issues in accordance with the negotiation process set forth previously herein. In the event they are unable to resolve the issue within thirty (30) days, or sooner if the issue involves inmate or staff health, welfare or safety, the issue may be submitted to the Court for its assistance in achieving a resolution through a status conference, or if the Court refuses to hear the matter on that basis, by the filing of a legal action.

**DD.** The parties agree they are obligated to attempt to resolve issues involving proposed modifications of this Agreement through use of the dispute resolution procedure set forth in this "Implementation and Enforcement" provision.

## IV.

### VERIFICATION AND INSPECTIONS

**EE.** The parties agree that inspections of the medical, optical and health care services delivery systems in the Bonneville County Jail will be conducted by the Idaho Sheriffs' Association

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 14**

Jail Inspection Program - Jail Standards Coordinator approximately every three (3) months (and provide a report of their findings) for a period of one (1) year after the effective date and during the term of this Agreement to verify compliance with the agreements set forth herein.

FF. In the event that either of the parties desires verification of any information pertinent to this Agreement during the term of this Agreement, counsel for the parties agree to attempt to develop the necessary information, and if necessary, to request the assistance of the Idaho Sheriffs' Association - Jail Standards Coordinator, who shall be permitted to make the necessary inspections, obtain the necessary documentation and provide the parties and the Court with information necessary to resolve any questions relevant to this Agreement.

GG. The parties acknowledge that this Agreement may be monitored by Plaintiffs' counsel, including, but not limited to requesting information, production and examination of documents for this purpose. All requests for information in the monitoring process will be directed to the attorneys for the County. The parties agree that monitoring requests shall generally be complied with in a reasonable time of five (5) business days, unless circumstances dictate otherwise, then County shall have no more than ten (10) days. If the County cannot comply with a request within five (5) business days, their counsel will notify the Plaintiffs' counsel and will also advise counsel of the reason for

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 15**

the delay and of the date a reply is expected to be made. If the County cannot comply with a request within seven (7) business days, their counsel will notify Plaintiffs' counsel and will also contact the Idaho Sheriffs' Association – Jail Standards Coordinator and request his assistance in obtaining the information.

       **HH.** The County agrees that it will be responsible for all costs incurred by the Idaho Sheriffs' Association Jail Inspection Program and/or its Jail Standards Coordinator to conduct the inspections and/or assist in obtaining information referred to herein.

V.

<strong><u>TERM OF AGREEMENT</u></strong>

       **II.** This Agreement shall continue in full force and effect and the parties to this Agreement recognize and submit to the continuing jurisdiction of this Court for the limited purpose of carrying out the intent of this Agreement for a period of one (1) calendar year from and after the date of the approval hereof by the Court, unless the parties hereto earlier stipulate or it is determined by Order of the Court that the provisions of this Agreement have been satisfactorily implemented at an earlier date and that continuing jurisdiction of this Court is no longer necessary.

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 16**

# VI.

## AFFIRMATIONS

**JJ.** The undersigned have read the agreements set forth herein, fully understand them and understand that they are legally binding upon each party and that this Second Supplemental Agreement will be filed with and subject to enforcement by the United States District Court.

**AMERICAN CIVIL LIBERTIES UNION**

By: _Stephen L. Pevar_
    Stephen L. Pevar
    Attorney for Plaintiffs

**HAMLIN & SASSER, P.A.**

By: _David Sasser_
    David Sasser
    Attorneys for Defendants

**BONNEVILLE COUNTY COMMISSIONERS**

By: _____
    Bill Shurtleff, Chairman

By: _____
    Ralph J. Steele

By: _____
    Roger S. Christensen

**BONNEVILLE COUNTY PROSECUTING ATTORNEY**

By: _____
    Kipp Manwaring
    Prosecuting Attorney

**BONNEVILLE COUNTY SHERIFF**

By: _____
    Byron R. Stommel, Sheriff

SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 17

19 JUN '99 AM 9:37

CAMERON S. BURKE,
CLERK, IDAHO

## ORDER AND JUDGMENT

The foregoing Agreement of the parties having come before this Court, and it appearing to this Court that this constitutes a reasonable and appropriate resolution of this matter;

IT IS SO ORDERED, ADJUDGED AND DECREED this 14th day of June , 1999.

B. Lynn Winmill
United States District Judge

SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY That on this 14th day of _June_____, 1999, I served true and correct copies of the foregoing ORDER and JUDGMENT by United States mail, postage prepaid, to the following:

        Stephen L. Pevar
        American Civil Liberties Union
        1888 Sherman St., Suite 380
        Denver, CO 80203

        David Sasser
        Hamlin & Sasser, P.A.
        P.O. Box 16488
        Boise, ID 83715

_Diane S. Hutchinson_____
          Deputy Clerk

4561J^SP.AGR

**SECOND SUPPLEMENTAL AGREEMENT BETWEEN BONNEVILLE COUNTY AND PLAINTIFFS REGARDING CONSENT DECREE ON FILE HEREIN - 19**

**NOTICE TO INMATES REGARDING MEDICAL,
OPTICAL AND OTHER HEALTH CARE SERVICES**

      In 1997 a lawsuit was filed in the United States District Court for the District of Idaho regarding the conditions in the old Bonneville County Jail. This suit was filed as a "class action" on behalf of all present and future inmates in the jail. As a result of that litigation, Bonneville County and the inmates entered into an agreement that was approved by the United States District Court and recorded as a Consent Decree, Order and Judgment. Subsequent to that time, Bonneville County has constructed a new jail. The parties agree that the construction of the new jail renders obsolete all portions of the Consent Decree, except those relating to medical, optical and other health care services that are to be provided to inmates who are in custody in the new Bonneville County Jail.

      Accordingly, you are hereby notified that, in the event you believe you are being denied adequate medical care, you may write to the attorney who is representing inmates in the Bonneville County Jail with regard to medical, optical, and other health care services at the following address:

**STEPHEN L. PEVAR, SENIOR STAFF COUNSEL
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
1888 SHERMAN STREET, SUITE 380
DENVER, CO. 80203**

      In an effort to avoid unnecessary complications with regard to the delivery of medical, optical, and other health care services, all inmates are encouraged to submit timely requests for medical, optical and health care services in accordance with the jail's policy and to allow the jail/medical staff a reasonable time to provide the medical care that is determined to be appropriate under the circumstances. In the event any inmate believes he or she is being denied medical care or that such care is being unreasonably delayed, please communicate that fact to the Jail Commander, before contacting Mr. Pevar.

**EXHIBIT "A"**