UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISABILITY LAW CENTER,            )
    Plaintiff,                  )
                        )
       v.                        )
                        )   C.A. No. 07-10463-MLW
MASSACHUSETTS DEPARTMENT OF        )
CORRECTION, ET AL.,               )
    Defendants.                 )

MEMORANDUM AND ORDER

WOLF, D.J.                                    March 17, 2017

On May 20, 2015, plaintiff Disability Law Center (the "DLC"), and defendants, Massachusetts Department of Correction and certain DOC officials (together, the "DOC"), stipulated to the dismissal of this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), pursuant to a settlement agreement approved by the court on April 12, 2012. See Docket No. 265; Disability Law Center v. Massachusetts Department of Correction, 960 F. Supp. 2d 271, 286 (D. Mass. April 12, 2012). On June 28, 2016, Robert Aldrich, a prisoner at the Massachusetts Correctional Institution at Shirley, acting pro se, filed motions to reopen the case and to intervene. As grounds, Aldrich argues that the defendants "violated the settlement agreement, and continue[] to violate the agreement by forcing mentally ill prisoners into solitary confinement, in violation of the 8th Amendment to the United States [Constitution]." Docket No. 266. He states that he has standing as

a "class party plaintiff" to enforce that agreement. Id. He subsequently filed related motions for an evidentiary hearing, for a writ of Habeas Corpus to allow him to attend the requested hearing, to amend his complaint with a statement alleging that the court has federal question jurisdiction over his claim, for a procedural order setting deadlines, for discovery, and to appoint counsel to represent him.

For the reasons explained below, Aldrich's motions are being denied. In essence, as this case was not a class action, Aldrich was not a party to it. Moreover, as requested by the parties, this case was dismissed in 2015. Therefore, the court lacks jurisdiction to grant the requested relief even to a party.

The DLC is a non-profit Massachusetts association that brought suit pursuant to its authority, under federal law, to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment" in Massachusetts, including Massachusetts prisoners. See 42 U.S.C. §§10802, 10805; Docket No. 1 at ¶1. DLC sued the DOC and several DOC officials on behalf of mentally ill prisoners in the state, alleging that the DOC's practices for placing mentally ill prisoners in segregated confinement violated the United States Constitution. The complaint referenced a series of prisoners identified by their initials. However, unlike in a class action brought under Federal Rule of

2

Civil Procedure Rule 23, the individual prisoners were not made parties to the action. Accordingly, the DLC had no authority to waive any individual prisoner's claims against the DOC or its officials, see Docket No. 32 at 4-5, and the settlement agreement only bound the DLC and the DOC, see Docket No. 252-1 at 19. Therefore, the agreement did not preclude prisoners from pursuing any their own claims in a separate action.

On April 12, 2012, the court approved the settlement agreement under which the DOC agreed to implement a series of procedures designed to integrate mental health screening and services into the prison disciplinary process and, when appropriate, to provide alternatives to segregated confinement for inmates with serious mental illnesses. See Disability Law Center, 960 F. Supp. 2d at 277. While a court does not ordinarily review and approve settlement agreements between private parties, the court found that review in this case was appropriate because DLC represented members of the public, in particular individuals with serious mental illnesses, who were not parties to the case. Id. at 274.

In approving the agreement, the court did not issue any prospective relief. Id. at 274-75, 282-83. Rather, it established a process to resolve any disputes concerning the DOC's compliance with the settlement agreement and stayed the case. Id. at 277, 285. The court ordered that the case would be dismissed three years from April 12, 2012 unless otherwise ordered. Id. at 286; see also

3

Fed. R. Civ. P. 41(a)(2)(authorizing the court to dismiss an action at the plaintiff's request "on terms the court considers proper"). Pursuant to the April 12, 2012 Order, the court's jurisdiction terminated on April 13, 2015. The parties subsequently stipulated to this case's dismissal under Rule 41(a)(1)(A)(ii), which authorizes the voluntary dismissal of a lawsuit through the filing of "a stipulation of dismissal signed by all parties who have appeared in the action." See Docket No. 265.

More than a year later, on June 28, 2016, Aldrich filed his motion to intervene and reopen the case. On July 14 and 15, 2016, he filed a series of related motions. Federal Rule of Civil Procedure 24(a) states that "upon timely motion," a party may intervene as a matter of right when, among other things, "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect an interest relating to the property or transaction involved in the case." When a party has no right to intervene, the court may, as an exercise of discretion, permit him to do so when his "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).

Aldrich's motion to intervene, however, was not timely. First, the court no longer has jurisdiction to grant the relief Aldrich seeks. After dismissing a case pursuant to a settlement agreement, the court may retain supplemental jurisdiction for a

period of time to monitor or enforce the agreement. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994). However, to retain such jurisdiction, the court must do so explicitly and with the parties' mutual assent. See Municipality of San Juan v. Rullan, 318 F. 3d 26, 30-31 (1st Cir. 2003); Lipman v. Dye, 294 F. 3d 17, 20 (1st Cir. 2002). Here, the parties agreed that pursuant to the April 12, 2012 Order, "the jurisdiction of the Court terminated on April 13, 2015," and stipulated to dismissal, under Rule 41(a)(1)(A)(ii), on May 20, 2015. Docket No. 265 at 2. The court did not extend jurisdiction beyond either of those dates. Therefore, the court now lacks jurisdiction to enforce the settlement agreement. Accordingly, Aldrich's motions must be denied. See Mutual Produce, Inc. v. Penn. Central Trans. Co., 119 F. R. D. 619, 621 (D. Mass. 1988).

Moreover, Aldrich lacks standing to seek to reopen the case because he was not a party to it. More specifically, "one who was not a party" or its legal representative "lacks standing to make the motion [for relief from a judgment under Federal Rule of Civil Procedure 60(b)]." 11 Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. §2865 (3d ed.); see also National Acceptance Co. of America Inc. v. Frigidmeats, Inc., 627 F. 2d 764, 766 (7th Cir. 1980).

Because this case was dismissed, the court did not retain jurisdiction to enforce the settlement agreement, and the original

parties have not moved to reopen the case, "there is no action in which [Aldrich may] intervene." <u>Mutual Produce</u>, 119 F. R. D. at 621. To the extent that Aldrich seeks to raise personal claims alleging that the DOC or its officials violated the Eighth Amendment by placing him in solitary confinement, he must present them in a separate action. Because this case was not a class action, the April 12, 2012 Order and the subsequent stipulation of dismissal do not preclude him from doing so. <u>See</u> Docket Nos. 266, 274.

As the court lacks jurisdiction and Aldrich lacks standing, his motions for an evidentiary hearing, for a writ of Habeas Corpus, for leave to file an amended complaint, to issue a new procedural order, for discovery, and to appoint counsel must also be denied.

Therefore, in view of the foregoing, it is hereby ORDERED that:

1.   Aldrich's Motion to Reopen Case (Docket No. 266) is DENIED.

2.   The Motion to Intervene (Docket No. 267) is DENIED.

3.   The Motion for Hearing (Docket No. 272) is DENIED.

4.   The Motion for a Writ of Habeas Corpus ad Testificandum is DENIED.

5.   The Motion for Leave to File an Amended Complaint (Docket No. 274) is DENIED.

6.    The Motion for a New Procedural Order (Docket No. 275) is DENIED.

7.    The Motion Requesting Court Order for Both Parties to Provide Discovery (Docket No. 276) is DENIED.

8.    The Motion to Appoint Counsel (Docket No. 277) is DENIED.


UNITED STATES DISTRICT JUDGE